IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL WIDMER, # B-30985,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-874-NJR |
| | ) | |
| **DONELLA KIMBERLY BUTLER,** | ) | |
| **M. HANKS, ROGER PELKER,** | ) | |
| **OFFICER LINDENBERG,** | ) | |
| **SWISHER, and BERNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1]  *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff is a frequent litigator in this Court, and he acknowledges that he has accumulated three "strikes" under the provisions of 28 U.S.C. §1915(g): *Widmer v. Slover*, Case No. 99-cv-721-GPM (S.D. Ill., dismissed as frivolous on December 7, 1999); *Widmer v. Lawless*, Case No. 13-cv-1245-MJR (S.D. Ill., dismissed as frivolous on March 3, 2014); and *Widmer v. Bramlet*, Case No. 14-cv-88-MJR (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted on March 26, 2014). Accordingly, he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff alleges that he is under imminent danger of serious physical injury because after he voluntarily declared a hunger strike on August 2, 2014, several of the Defendants have refused to follow prison rules that require them to document the hunger strike so as to alert medical staff to monitor Plaintiff's health (Doc. 1, pp. 1, 5-9). Further, when

Plaintiff was moved to a different cell on August 7, 2014, three Defendants refused to summon any medical or mental health staff when Plaintiff said he was in a "crisis situation"[2] (Doc. 1, pp. 7-8). Later that day, Plaintiff suffered "extreme dizziness and a migraine headache for several hours" and again, was not seen by any medical staff (Doc. 1, p. 8). He does not describe any other imminent danger to his physical health, other than his concern that his life may be at risk from his continuation of the hunger strike if he is not provided with the usual medical monitoring.

While Plaintiff has the right, up to a point, to engage in a hunger strike, *see Freeman v. Berge*, 441 F.3d 543, 546-47 (7th Cir. 2006) (prison officials may force-feed an inmate to prevent his suicide), he may not escape the three strikes provision of the PLRA by inflicting "imminent danger" on himself. This Court has previously observed that a prisoner cannot "create the 'imminent danger' required by § 1915(g) by commencing a hunger strike." *Taylor v. Walker*, Case No. 07-cv-706-MJR, 2007 WL 4365718 (S.D. Ill. Dec. 11, 2007) (citing *Ball v. Allen*, Case No. 06-cv-0496, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, Case No. 06-cv-527, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, Case No. 03-mc-98, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003)).

At the time Plaintiff filed this case on August 8, 2014, he had been on his hunger strike for approximately seven days. Aside from his temporary dizziness and headache on one occasion, Plaintiff has not described any physical ailments or symptoms, serious or otherwise, as a result of his abstention from food. Further, he states in the complaint that he personally reported his hunger strike to a nurse, and Defendant Mezo took him to see a prison doctor after he wrote to another official to declare his hunger strike (Doc. 1, p. 6). Plaintiff has submitted two emergency grievances and three letters to the warden (Defendant Butler) over this matter

---

[2] Plaintiff does not elaborate further as to the nature of that "crisis."

(Doc. 1, p. 4). His ability to communicate his needs relative to the hunger strike appears to be unhindered by the defendant correctional officers' refusal to follow the documentation protocol. The Court therefore concludes that Plaintiff is not facing imminent danger of serious physical injury as a result of the actions of any Defendant – any danger he might face would be a direct consequence of his continued decision to refuse food. The Court will not condone this type of manipulation.

Plaintiff's allegations do not demonstrate that he was under imminent danger of serious physical injury at the time he filed this action. He thus does not escape the "three-strikes" rule of § 1915(g), and cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **September 2, 2014**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed without prejudice. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a

dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  August 11, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge

Digitally signed by Nancy J Rosenstengel
Date: 2014.08.11 15:28:54 -05'00'