IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER, # B-30985,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-874-NJR |
| ) | |
| **DONELLA KIMBERLY BUTLER,** ) | |
| **M. HANKS, ROGER PELKER,** ) | |
| **OFFICER LINDENBERG,** ) | |
| **SWISHER, and BERNER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On August 12, 2014, the Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") in this case and ordered him to pay the $400.00 filing fee no later than September 2, 2014 (Doc. 5). Plaintiff has "struck out" under 28 U.S.C. § 1915(g). The order clearly warned Plaintiff that failure to pay the filing fee would result in dismissal of this case.

The date to pay the filing fee has passed, and Plaintiff has failed to pay. As a result, this case shall be dismissed without prejudice. Nonetheless, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or

the average balance during the past six months, whichever amount is higher. Going forward, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

**Show Cause Order in *Widmer v. Butler, et al.*, Case No. 14-cv-879-MJR**

The Court notes that Plaintiff is currently under an order in Case No. 14-cv-879-MJR to either pay in full the accumulated filing fees he now owes to this Court ($7,983.31) or show cause why a filing ban should not be imposed upon him, no later than October 23, 2014 (Doc. 5 in Case No. 14-cv-879-MJR). The $400.00 filing fee for this case was included in the grand total of $7,983.31 which Plaintiff was ordered to pay in the show cause order.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). The pending motion for injunctive relief (Doc. 3) is **DENIED AS MOOT.** This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: October 22, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).